Frank SCALISE, Gail Scalise,
Plaintiffs–Counter–Defen-
dants–Appellants,

v.

METROPOLITAN GROUP PROP &
CASUALTY INS. CO., Defendant–
Counter–Claimant–Appellee.

No. 03–7411.

United States Court of Appeals,
Second Circuit.

Jan. 14, 2004.

David A. Golas, Golas, Golas & Golas,
Manchester, CT, for Appellants.

Frederick L. Murolo, Nuzzo & Roberts,
L.L.C., Cheshire, CT, for Appellee.

Present: OAKES, CABRANES, Circuit
Judges and MUKASEY, District Judge.*

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF,
IT IS HEREBY ORDERED, AD-
JUDGED, AND DECREED** that the
judgment of the District Court be and it
hereby is **AFFIRMED.**

Appellant Frank Scalise appeals from a
March 31, 2003 judgment granting sum-
mary judgment in favor of appellee insurer
on the question whether, under the terms
of appellant's homeowner's policy, insurer
had a duty to defend and indemnify appel-
lant against a civil suit seeking damages as
a result of alleged sexual misconduct.

The District Court held that appellee
insurer had no duty to defend and indem-

---

nify appellant, because the conduct alleged in the complaint against him, if proven, would "clearly violate[ ]" a penal law of the State of Connecticut;[1] as such, the conduct fell into an exception to the policy's personal injury coverage for "injury caused by a violation of a penal law or ordinance committed by you or with your knowledge or consent."

On appeal, appellant does not deny that the alleged conduct would violate a penal law. Instead, he argues that appellee was nevertheless bound to defend and indemnify him, because the facts pled by his accuser could also make out claims for "false imprisonment" and "invasion of privacy," which are offenses that are explicitly included within the policy's personal injury coverage. The District Court rejected this argument, holding that "the allegations of the Does' complaint, to the extent they would support tort liability for invasion of privacy and false imprisonment, also would support criminal liability for risk of injury to a minor." *See Scalise v. Metropolitan Group Prop & Casualty Ins. Co.*, No. 3:01CV1326 (RNC) at 5 (D.Conn. Mar. 31, 2003). We agree.

We have reviewed appellant's remaining arguments, and we find them to be without merit. Accordingly, for substantially the reasons stated by Chief Judge Chatigny in his March 31, 2002 Ruling and Order, the judgment of the District Court is **AFFIRMED.**

---

1. Specifically, the District Court held that appellant's alleged conduct would violate Conn. Gen.Stat. § 53–21, which prohibits actions that risk injury to a child.

